UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY THOMAS,<br><br>        Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES, ET AL.,<br><br>        Defendant(s). | Case No. CV 18-3236-DSF (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

On April 18, 2018, Plaintiff Tracy Thomas ("Plaintiff"), proceeding pro se filed a Complaint against defendants Department of Child Support Services ("DCSS") and Santa Barbara County (collectively, "Defendants") alleging violations of his constitutional rights. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///
///

## II.
## BACKGROUND

On April 18, 2018, Plaintiff, proceeding pro se, filed a Complaint against Defendants alleging violations of his constitutional rights. ECF Docket No. ("Dkt.") 1. The Complaint is purportedly brought under 18 U.S.C. § 241[1] and 42 U.S.C. § 1983. Id. While the facts underlying the Complaint are not clear, it appears Plaintiff is alleging a denial of equal protection and due process based on actions taken by Defendants in connection with an underlying child support case. Id. at 1-10. Plaintiff seeks termination of "the current DCSS IV-D Collections Case #1340153" and "all full refund of all monies received, accompanied with the DCSS's 66% federal profits therefrom, as well as penalties and interest."[2] Id. at 10.

## III.
## STANDARD OF REVIEW

In civil actions where the plaintiff is proceeding in forma pauperis, Congress requires district courts to dismiss the complaint "at any time" if the court determines the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000) (en banc).

Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without

---

[1] 18 U.S.C. § 241 is a federal criminal statute for which there is no private cause of action. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

[2] To the extent Plaintiff seeks to challenge a state court judgment, under the Rooker-Feldman doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). The doctrine, thus, "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (same). The court's authority in this regard includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. See Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

In applying these standards, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## IV.

## DISCUSSION

### A. THE ELEVENTH AMENDMENT BARS ALL CLAIMS AGAINST DEFENDANT DCSS

#### 1. APPLICABLE LAW

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990). This jurisdictional bar includes "suits naming state

agencies and departments as defendants," and it applies whether plaintiff "seek[s] damages or injunctive relief." Id.; Pennhurst State Sch., 465 U.S. at 102.

### 2. ANALYSIS

Here, Plaintiff attempts to sue DCSS. However, DCSS is an agency of the State of California entitled to sovereign immunity under the Eleventh Amendment. See Allison v. Cal. Adult Auth., 419 F.2d 822, 822–23 (9th Cir. 1969); see also Greenlaw v. Cty. of Santa Clara, 125 Fed App'x 809, 810 (9th Cir. 2005)[3] ("[T]he California Department of Child Support Services . . . [is] a state agency entitled to sovereign immunity under the Eleventh Amendment." (citing In re Pegasus Gold Corp., 394 F.3d 1189, 1191 (9th Cir. 2005))). Thus, Plaintiff is barred from bringing any claim against defendant DCSS.

## B. THE COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

### 1. APPLICABLE LAW

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

---

[3] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted). See also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"); see also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

### 2. ANALYSIS

Here, the Court cannot discern the nature of Plaintiff's claims or the facts alleged to support them. See Cafasso, 637 F.3d at 1059; McHenry, 84 F.3d at 1177. Plaintiff does not set forth a "short and plain statement" of his claims. In fact, Plaintiff fails to identify what action each defendant took and how each defendant's actions resulted in harm to him. Plaintiff similarly fails to identify any date or place in which the any alleged actions were taken. Ultimately, this Court cannot identify any particular claim against any defendant.

While Plaintiff references violations of equal protection and due process, he fails to provide any specific facts regarding what alleged actions taken by each defendant resulted in a violation of these constitutional rights. Instead, Plaintiff combines legal jargon, cites to regulations and statutes, and lists of various asserted property interest and/or rights. For example, in paragraph 12, Plaintiff alleges Defendants:

> *conspired and the subject to and caused Thomas to be liable, subordinate, subservient, inferior, obedient to the following IV-D enforcement remedies under*

> *color of Title 42 Public Welfare, and Regulations Relating to Public Welfare, Title 45 CFR Subtitle B Chapter II, in contrast to Article I Sec. 1 and 26 against his will and without his consent to:*
> - *Wage withholding,*
> - *Liens on property,*
> - *Offset of unemployment compensation payments,*
> - *Seizure and sale of personal or real property,*
> - *Reporting arrearages to credit agencies to prevent the undeserved extension of credit,*
> - *Seizure of State and Federal income tax refunds; revocation of various types of licenses (driver's, business, occupational, recreational);*
> - *Attachment of lottery winnings and insurance settlements of debtor parents; requirement that recipients of financial assistance from the Small Business Administration, including direct loans and loan guarantees, must certify that the recipient is not more than 60 days delinquent in the payment of child support;*
> - *Authority to seize assets held by public or private retirement funds and financial institutions;*
> - *Deprivation of a debtor to a fresh start to discharge a debt completely, pay a percentage of the debt, or pay the full amount of the debt over a longer period of time because debts for child support and alimony are not dischargeable;*
> - *And State or Federal imprisonment, fines or both.*

Dkt. 1 at 4. Paragraphs 13, 15, and 16 are similarly structured and, thus, unclear. Id. at 4-6.

Absent specific allegations identifying what actions each defendant took against Plaintiff and how such action violated Plaintiff's rights, the Complaint fails

6

to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest. Unclear pleadings, such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," are subject to dismissal. Little v. Baca, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Accordingly, the Complaint is subject to dismissal for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177; see also Clayburn v. Schirmer, No. CIV S-06-2182-ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

If Plaintiff chooses to amend the Complaint, Plaintiff must state each claim separately and identify proper defendants for each claim. In addition, for each claim, Plaintiff should clearly, precisely, and briefly identify the legal basis and the facts underlying it. See Bautista, 216 F.3d at 840-41. Plaintiff should only include facts necessary to state a claim and need not include unsupported argument or conclusions. Instead, Plaintiff should clearly state (1) what actions were committed by each alleged defendant; (2) when the actions were committed; (3) what harm resulted from actions; and (4) what statute or constitutional right was violated as a result.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: May 04, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge