# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES, ET AL.,<br><br>    Defendant(s). | Case No. CV 18-3236-DSF (KK)<br><br>ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT AND DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

On May 23, 2018, Tracy Thomas ("Plaintiff"), proceeding pro se, filed a First Amended Complaint ("FAC") against defendants Department of Child Support Services ("DCSS"), Santa Barbara County, Santa Barbara County Administrators Office, Santa Barbara County Child Support Director, Santa Barbara County Attorney, Santa Barbara County Clerk of Court, Santa Barbara County Family Court Judges and Commissioners, Santa Barbara County Family Court Probation Division, and Santa Barbara County Sheriff's Department (collectively, "Defendants") alleging violations of his constitutional and statutory rights. Defendant Department of Child Support Services, Santa Barbara County filed a Motion for More Definite Statement ("Motion"). For the reasons

discussed below, the Court GRANTS the Motion and DISMISSES the FAC with leave to amend.

## II.
## BACKGROUND

On April 18, 2018, Plaintiff, proceeding pro se, filed a Complaint against defendants DCSS and Santa Barbara County alleging violations of his constitutional rights. ECF Docket No. ("Dkt.") 1.

On May 4, 2018, the Court dismissed Plaintiff's complaint with leave to amend for failure to state a cognizable claim against defendant DCSS and failure to comply with Federal Rule of Civil Procedure 8. Dkt. 7.

On May 23, 2017, Plaintiff filed the operative FAC adding defendants Santa Barbara County Administrator's Office, Santa Barbara County Child Support Director, Santa Barbara County Attorney, Santa Barbara County Clerk of Court, Santa Barbara County Family Court Judges and Commissioners, Santa Barbara County Family Court Probation Division, and Santa Barbara County Sheriff's Department. Dkt. 11. The FAC is purportedly brought under 42 U.S.C. §§ 408 and 1983, Article I, Section 9, Paragraph 3 of the Constitution, and the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments. Id. While the facts underlying the FAC remain unclear, it appears Plaintiff is alleging violations under these laws based on actions taken by Defendants in connection with an underlying child support case. Id. at 2. Plaintiff seeks damages and injunctive relief. Id. at 13-15.

On June 26, 2018, defendant Department of Child Support Services, Santa Barbara County filed a Motion for More Definite Statement. Dkt. 17. Plaintiff had until July 5, 2018 to oppose the Motion, but Plaintiff has failed to so. As such, the matter stands submitted.

///
///

# III.
# **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(e) ("Rule 12(e)"), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

In addition, in civil actions where the plaintiff is proceeding in forma pauperis, Congress requires district courts to dismiss the complaint "at any time" if the court determines the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000) (en banc).

Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (same). The court's authority in this regard includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. See Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

In applying these standards, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford,

542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## IV.

## DISCUSSION

### A. THE COURT GRANTS THE MOTION FOR MORE DEFINITE STATEMENT

#### 1. APPLICABLE LAW

A Rule 12(e) motion is appropriate where a pleading is "so vague and ambiguous" as to preclude an adequate response. Fed. R. Civ. P. 12(e). A motion for a more definite statement under Rule 12(e) should be granted only where the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and "literally cannot frame a response pleading." Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996); Wood v. Apodaca, 375 F. Supp. 2d 942, 949 (N.D. Cal. 2005).

#### 2. ANALYSIS

Here, defendant Department of Child Support Services, Santa Barbara County moves for a more definite statement arguing (1) Plaintiff's FAC fails to provide a short and plain statement of the claim showing that he is entitled to relief; (2) the allegations in the FAC are almost entirely conclusory rather than factual, and (3) Plaintiff failed to number the paragraphs and lines in the FAC. Dkt. 17 at 1-2. The Court finds Defendant's arguments well-taken. Moreover, Plaintiff failed to oppose the Motion. Thus, pursuant to Local Rule 7-12, this Court may interpret such failure to oppose as Plaintiff's consent to granting the Motion. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to [Federal Rule of Civil Procedure] 56 may not be granted solely based on the failure to file an opposition."). Accordingly, the Court exercises its discretion to GRANT the Motion. As discussed below, the

Court further exercises its discretion by DISMISSING Plaintiff's FAC with leave to amend.

**B.     THE FAC FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8**

   **1.     Applicable Law**

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted). See also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"); see also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

**2. Analysis**

Here, the Court again cannot discern the nature of Plaintiff's claims or the facts alleged to support them. See Cafasso, 637 F.3d at 1059; McHenry, 84 F.3d at 1177. Plaintiff does not set forth a "short and plain statement" of his claims. In fact, Plaintiff fails to identify what action each defendant took and how each defendant's actions resulted in harm to him. Plaintiff similarly fails to identify any date or place in which any alleged actions were taken. Ultimately, this Court cannot identify any particular claim against any defendant.

While Plaintiff references violations under the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments, Article 1, Section 9, Paragraph 3 of the Constitution, and 42 U.S.C. § 408, he fails to provide any specific facts regarding what alleged actions taken by each defendant resulted in a violation of these constitutional and statutory rights. Instead, Plaintiff combines legal jargon, cites to regulations and statutes, and lists of various asserted property interest and/or rights. For example, on page 9 of the FAC, Plaintiff alleges:

> WHEREFORE there is a constitutional violation pursuant to Title 42 U.S. Public Health and Welfare Codes Chapter 7 Sec. 408. Penalties (a) In general defendants in an act of collusion (8) did compel the disclosure of the social security number held by Thomas in violation of the laws of the United States and defendants shall be guilty of a felony and upon conviction thereof shall be fined under title 18 or imprisoned for not more than five years, or both.

Dkt. 11 at 9. In another example on page 11 of the FAC, Plaintiff alleges:

> The federal OCSE is under contract with the American Bar Association IV-D for Project, training on legal issues to persons working in the field of IV-D, and to provide continual education to lawyers and judges who serve under IV-D contracts to increase IV-D profits.

> WHEREFORE there is a valid Sixth Amendment violation and deprivation because Thomas was unable to obtain council due to a conflict of interest. The American Bar Association approved IV-D for Congress which created contractual bias in the legal profession and the justice system, and he was subject to IV-D enforcement remedies without a trial by jury.

Id. at 11. Plaintiff's claims under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments, and Article 1, Section 9, Paragraph 3 of the Constitution[1] are similarly structured and, thus, unclear. Id. at 7-12.

Absent specific allegations identifying what actions each defendant took against Plaintiff and how such action violated Plaintiff's rights, the FAC again fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest. Unclear pleadings, such as the FAC, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," are subject to dismissal. Little v. Baca, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Accordingly, the FAC is subject to dismissal for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177; see also Clayburn v. Schirmer, No. CIV S-06-2182-ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

///
///
///

---

[1] The Court further finds any remaining claims listed on Page 13 of the FAC not addressed in this Order fails for similar reasons under Federal Rule of Civil Procedure 8. See dkt. 11 at 13.

7

**C. THE FAC SUFFERS FROM NUMEROUS DEFICIENCIES WARRANTING DISMISSAL**

In addition to the overarching failure to comply with Rule 8, the FAC suffers from numerous other deficiencies which warrant dismissal. The Court briefly addresses a number of those deficiencies below.

### 1. The Eleventh Amendment Bars All Claims Against Defendant DCSS

#### a. Applicable Law

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiff "seek[s] damages or injunctive relief." Id.; Pennhurst State Sch., 465 U.S. at 102.

#### b. Analysis

Here, Plaintiff attempts again to sue DCSS. However, DCSS is an agency of the State of California entitled to sovereign immunity under the Eleventh Amendment. See Allison v. Cal. Adult Auth., 419 F.2d 822, 822–23 (9th Cir. 1969); see also Greenlaw v. Cty. of Santa Clara, 125 Fed App'x 809, 810 (9th Cir. 2005) ("[T]he California Department of Child Support Services . . . [is] a state agency entitled to sovereign immunity under the Eleventh Amendment." (citing In re Pegasus Gold Corp., 394 F.3d 1189, 1191 (9th Cir. 2005))). Thus, Plaintiff is barred from bringing any claim against defendant DCSS.

///
///

**2. Plaintiff Fails To State A Claim Against Santa Barbara County, Santa Barbary County Administrators Office, Santa Barbara County Family Court Probation Division, Santa Barbara County Sheriff's Department, Or Any Santa Barbara County Employee In Their Official Capacity**

    **a. Applicable Law**

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

    To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

9

### b. Analysis

Here, Plaintiff fails to state a Section 1983 claim against Santa Barbara County, Santa Barbara County Administrators Office, Santa Barbara County Family Court Probation Division, Santa Barbara County Sheriff's Department, or any Santa Barbara County employee in their official capacity because Plaintiff does not allege any facts showing the county or its employees had a "policy or custom" that was the "moving force" behind any constitutional violation. Graham, 473 U.S. at 166; see also Harris, 489 U.S. 378; see also Gant v. Cty. of Los Angeles, 772 F.3d 608, 619 (9th Cir. 2014) ("A public entity can be liable under the Fourteenth Amendment for failing to 'institut[e] readily available procedures for decreasing the risk of erroneous detention.'"); Fairley v. Luman, 281 F.3d 913, 918 (9th Cir. 2002) (finding a due process violation where plaintiff held for twelve days without hearing, court appearance, or fingerprint comparison). Plaintiff fails to allege any widespread, systematic constitutional violations that have become the force of law or formal governmental policy, pursuant to which the County or its employees acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Accordingly, Plaintiff's Section 1983 claim against Santa Barbara County, Santa Barbara County Administrators Office, Santa Barbara County Family Court Probation Division, Santa Barbara County Sheriff's Department, or any Santa Barbara County employee in their official capacity must be dismissed.

### 2. To The Extent Plaintiff Sues Any Defendant In Their Individual Capacity, The FAC Contains No Factual Allegations Against Any Santa Barbara County Employees

#### a. Applicable Law

Section 1983 prohibits persons acting under color of law from depriving individuals of their constitutional rights. 42 U.S.C. § 1983. A plaintiff must present facts showing individual defendants were directly and personally involved in inflicting the alleged constitutional injury. See Ashcroft v. Iqbal, 556 U.S. 662,

676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). A complaint must contain enough facts to "state a claim to relief that is plausible on its face," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

### b. Applicable Law

Here, Plaintiff lists defendants Santa Barbara County Child Support Director, Santa Barbara County Attorney, Santa Barbara County Clerk of Court, and Santa Barbara County Family Court Judges and Commissioners[2] in the section of the FAC identifying the parties. Dkt. 11. Plaintiff does not specify whether he seeks to sue such individuals in their individual or official capacities. Nonetheless, to the extent Plaintiff seeks to sue those Defendants in their individual capacity Plaintiff appears to omit *any* specific facts regarding the alleged actions of these defendants. Thus, Plaintiff fails to state a claim against any defendant in their individual capacity. Iqbal, 556 U.S. at 676.

If Plaintiff wishes to include claims against any defendant, Plaintiff must specifically allege facts identifying the defendants to direct or personal involvement in each claim. Id. If Plaintiff chooses to amend the FAC, Plaintiff must state each claim separately and identify proper defendants for each claim. In addition, for each claim, Plaintiff should clearly, precisely, and briefly identify the legal basis and the facts underlying it. See Bautista, 216 F.3d at 840-41. Plaintiff should only include facts necessary to state a claim and need not include unsupported argument

---

[2] Moreover, to the extent Plaintiff sues the Santa Barbara County Attorney, Santa Barbara County Clerk of Court, Santa Barbara County Family Court Judges and Commissioners, and employees at the Santa Barbara County Family Court Probation Division, these county employees may also be immune to suit. See Agnew v. Moody, 330 F.2d 868, 869 (9th Cir. 1964) (quasi-judicial immunity for county attorney); Mullis v. U.S. Bankr. Ct. for D. of Nev., 828 F.2d 1385, 1390 (1987) (quasi-judicial immunity for court clerks); Mireles v. Waco, 502 U.S. 9 (absolute immunity for judges); Demoran v. Witt, 781 F.2d 155, 156-57 (9th Cir. 1985) (absolute judicial immunity for probation officers).

or conclusions. Instead, **Plaintiff should clearly state (1) what actions were committed by each alleged defendant; (2) when the actions were committed; (3) what harm resulted from actions; and (4) what statute or constitutional right was violated as a result**.

## V.
## LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amendment Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to FAC or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a

preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: July 18, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

13